UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-60065-CR-COHN

UNITED STATES OF AMERICA

vs.

MICHAEL ROHRS,

       Defendant.
_____/

### FACTUAL STATEMENT IN SUPPORT OF PLEA AGREEMENT

The United States of America and the defendant agree that had this matter proceeded to trial the United States would have established beyond a reasonable doubt the facts set forth below. The parties further agree that the below factual proffer is a summary relating to the defendant's conduct and does not include every detail of the offense. In addition, the parties agree that the below recited facts are sufficient to establish the elements of the offense. The defendant agrees that the below facts were committed knowingly, willfully and intentionally.

    1.    On March 14, 2014, law enforcement officers, through the use of a cooperating individual (CS), purchased, at a hotel in Fort Lauderdale, approximately 1 ounce of methamphetamine and 1 liter of Gamma-Butyrolactone (GHB) from Michael Rohrs in exchange for $2400.00. Rohrs was arrested and he subsequently gave consent for a search of the Il Lugano hotel room. During the search, approximately 230 grams of a substance which field tested positive for methamphetamine was discovered in the hotel room along with $15,180. Rohrs was advised of his Miranda rights, waived those rights and gave a recorded statement. In response to questioning, Rohrs explained that the methamphetamine recovered in the room had been sent to him and Shelton Hyman via FedEx from California by a male he knew as Pejman Mohajer. Rohrs advised that his relationship with Mohajer began in November 2013 when Rohrs was introduced to

1

Mohajer by another person to whom Rohrs sold meth. Rohrs stated that he regularly ordered methamphetamine from Mohajer and that he expected Mohajer to fly into the Fort Lauderdale, Florida area on or around March 18, 2014 to pick up approximately $34,000.00 owed to him for the methamphetamine.

2. In addition to his statements related to Mohajer, Rohrs also explained the nature of his relationship with Shelton Hyman. Hyman had been observed by the law enforcement officers exiting the elevator and walking toward the room while the CS was purchasing the drugs from Rohrs. After observing the officers, Hyman had turned around and re-entered the elevator. Hotel staff identified Hyman as a co-occupant of the room and officers, accordingly, approached Hyman as part of their investigation. Hyman admitted post-Miranda that he was staying in the room with Rohrs, and that he was engaged in a "business venture" with Rohrs to invest their money together so that they could purchase a larger quantity of meth from Mohajer. Hyman stated that approximately two weeks ago he had travelled to California and delivered $9800 to Mohajer as payment for meth ordered by Hyman and Rohrs. Finally, he stated that all of the meth in the safe in the hotel room was his share of the most recent meth ordered from Mohajer and that his car contained approximately $10,000. Following his consent, the car was searched and $9580 was seized.

3. The methamphetamine sold by Rohrs to the CS was submitted to the DEA lab for analysis. Those results reflect that the substance was d-methamphetamine hydrochloride with a weight of 27.6 grams and a purity of 96.9 percent. The methamphetamine found in the hotel room occupied by Rohrs and Hyman was also submitted to the DEA lab for analysis. Those results reflect that the substance was d-methamphetamine hydrochloride with a combined weight of 202.95 grams and a purity level over 97 percent.

4. Both Hyman and Rohrs agreed to cooperate against Mohajer. Rohrs then placed a

2

controlled call to Mohajer.  During the call, Rohrs told Mohajer that he had received the packages earlier in the day, referring to the methamphetamine.  Rohrs also requested that Mohajer send another 8 ounces of methamphetamine on Monday, March 17, 2014.  Mohajer agreed and confirmed that he would be traveling to Fort Lauderdale the following week to collect the money owed to him.

5. On March 16, 2014, a law enforcement officer sent a text message to Mohajer from Rohrs' cellular phone.  The text message provided Mohajer with two addresses to which he could ship the methamphetamine.  Thereafter, law enforcement officers continued to communicate with Mohajer utilizing Rohrs' cellular phone.  In summary, the communications related to Mohajer's travel to the Fort Lauderdale area and Mohajer's request that $2000 be placed into his Wells Fargo account as partial payment for the narcotics.

6. On March 18, 2014, the two packages arrived in Fort Lauderdale at the addresses provided to Mohajer by law enforcement.  A subsequent search of the packages revealed a substance which field tested positive for methamphetamine.  Law enforcement officers deposited $2000 into the Wells Fargo Account bearing number 9026286535, which was the account number provided to them by Mohajer.  The methamphetamine shipped by Mohajer was submitted to the DEA lab for analysis.  Those results reflect that the substance was d-methamphetamine hydrochloride with a weight of 234.9 grams and a purity level above 97 percent.

7. On March 18, 2014, Mohajer arrived into the Fort Lauderdale, Florida area, and checked into the Best Western Hotel located at 1221 W. State Road 84 in Fort Lauderdale, Florida.  Hyman, who as noted agreed to cooperate, then met with Mohajer and gave Mohajer what Mohajer believed to be the $34,000 he was owed for the methamphetamine.  Following the exchange Mohajer was placed under arrest.

8. Mohajer was in possession of two cell phones at the time of his arrest, one of which

3

was the same one used to communicate with Rohrs and law enforcement officers in reference to the above mentioned packages. Mohajer was also advised of his Miranda rights. He waived those rights and gave a recorded statement admitting that he had been part of a conspiracy to ship methamphetamine to Rohrs and Hyman.

AGREED:

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/11/14

By: _____
JULIA J. VAGLIENTI
ASST. UNITED STATES ATTORNEY

Date: 6/11/14

By: _____
PETER PATANZO
ATTORNEY FOR DEFENDANT

Date: June 11, 2014

By: _____
MICHAEL ROHRS
DEFENDANT